---

Cole *v.* Sprowl.

her marriage, was possessed of property in notes; that for years afterwards she had notes, one or more being taken by her for balance of former note or notes; that said John collected some of them for her, as being her property, two or three years before his decease; that he had some gold in May, 1849; that he had a considerable amount in gold a few years before." Because the husband had gold, it by no means follows from the evidence, that the wife had not gold also, or that the gold delivered to the defendant was that of the husband, and not her own; and the evidence offered and excluded might have tended to show, that the whole or a portion of the gold might have accrued from the proceeds of the notes collected by the husband.

> *Exceptions sustained, verdict set*
> *aside and a new trial granted.*

TENNEY, RICE and APPLETON, J. J., concurred.

---

## COLE *versus* SPROWL.

Of the taxation of costs in actions appealed from the late District Court.

THIS was an action " of the case" commenced in June, 1848, and entered in the District Court for the Middle District, at the June term of that year. The writ set forth the plaintiff's title to certain real estate, and the act complained of, was the moving and placing a building in the road or way adjacent to plaintiff's store, and thus obstructing him in passing into and around his store, closing up access to the doors on one side and obstructing his lights, &c.

A trial was had in the late District Court, and from their judgment the plaintiff appealed.

Another trial was had in the Supreme Judicial Court at the September term, 1851, and a verdict was returned for plaintiff of $45.

Exceptions were taken to the rulings in that trial, and

the cause continued, when they were overruled at the May term, 1853, and judgment entered upon the verdict.

In the Act relating to the late District Court, R. S., c. 97, § 15, it was provided, that when any appeal shall be made in any action, except actions of trespass on land, replevin, actions against towns, writs of entry or of dower, by any plaintiff, and he shall not recover more than two hundred dollars, debt or damage, he shall not recover any costs after such appeal, but the defendant shall recover his costs on such appeal.

On April 30, 1852, this section, together with all relating to the late District Court, was repealed, and all matters within its jurisdiction transferred to the Supreme Judicial Court.

Both parties claimed costs after the appeal, and the matter was submitted to the full Court.

*Lowell, Thacher & Foster*, for defendant.

1. This action is not included in the exception in R. S., c. 97, § 15.

2. The verdict rendered at September term, 1851, established the rights of the parties as to costs. It was less than $200, and the defendant's right to costs then attached. The judgment is upon that verdict.

3. The only power the Supreme Court had, after the repeal of c. 97, to proceed at all in the hearing and disposition of appealed cases, was by virtue of c. 96, § 16, which in effect incorporates § 15, of c. 97, into it.

4. If it be said that after the repeal of c. 97, the Supreme Court had no appellate jurisdiction, the answer is, that if the actions already appealed could be heard after the repeal, they could only be heard according to the provisions of § 16, c. 96, which was a reenactment of § 15, c. 97.

*Ruggles & Gould*, for plaintiff.

By the Court, SHEPLEY, C. J., TENNEY, RICE and APPLETON, J. J. — The plaintiff is entitled to recover costs of both Courts.